**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-02-309(3) |
| | § | |
| ROLANDO MUNOZ | § | |
|     Defendant-Movant. | § | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

By Order and final judgment entered February 1, 2005, this Court denied Munoz's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 93, 94 (denying D.E. 76).) Munoz timely appealed. (D.E. 104.) While his appeal was pending, he also filed a motion to reconsider with this Court, which the Court denied. (D.E. 131, 132.) The Fifth Circuit denied Munoz a Certificate of Appealability on June 20, 2007. (D.E. 177.) On May 28, 2010, the Clerk received from Munoz a motion titled as a "Motion to Reduce Sentence Pursuant to § 3582." (D.E. 191.) That motion is pending before the Court and addressed herein.

In his motion, Munoz asks that the Court reduce his sentence pursuant to amendments in the U.S. Sentencing Guidelines and "changes through case law and Court decisions" that he contends have occurred since his sentencing in this case. (D.E. 191 at 1.) Specifically, he claims that he should have been sentenced based on a lesser amount of drugs than he was, and claims that the United States breached its plea agreement with him, when it allowed him to be sentenced based on a higher weight of marijuana than he claims was appropriate.[1] He makes various references to sentencing based on marijuana "plants" transported, rather than on the weight of the marijuana. He

---

[1] Notably, Munoz raised similar challenges to his sentence in his § 2255 motion, and the Court rejected them. (See generally D.E. 93.)

1

also claims that he was sentenced based on additional drugs as relevant conduct that should not have been attributed to him.

As an initial matter, the Court notes that the challenges raised by Munoz are claims that should have been raised on direct appeal. In any event, they do not provide the Court with authority to reduce his sentence at this time. Rather, this Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Although Munoz claims that there are amendments to the guidelines that warrant a lower sentence, none of his arguments implicate any retroactively applicable guideline amendment that has become effective since his sentencing. Indeed, the only retroactive amendment cited by him is Amendment 484, which became effective on November 1, 1993, long before Munoz was sentenced. See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000). Thus it does not provide a basis for relief to Munoz under § 3582(c), which applies only in the case of a "subsequent" lowering of a guideline. 18 U.S.C. § 3582(c)(2). Accordingly, Munoz fails to assert grounds for modification that fall into any of the categories above and this Court is without authority to reduce his sentence. Munoz's motion to reduce sentence (D.E. 191) is therefore DENIED.

## **CONCLUSION**

For the foregoing reasons, Munoz's motion to reduce sentence (D.E. 191) is DENIED.

It is so ORDERED this 8th day of June, 2010.

_____
Janis Graham Jack
United States District Judge